UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES M. VARDON,

    Plaintiff,

                                          Civil Action No. 15-11279

v.

                                          HONORABLE DENISE PAGE HOOD

THOMAS L. LUDINGTON,

    Defendant.
_____/

**ORDER GRANTING APPLICATION TO PROCEED
WITHOUT PREPAYING FEES OR COSTS,
ORDER OF SUMMARY DISMISSAL,
AND
FINDING ANY APPEAL FRIVOLOUS**

    Before the Court is Plaintiff James M. Vardon's Application to Proceed Without Prepaying Fees or Costs. A review of the application supports his claim of pauper status. The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court dismisses the Complaint against Defendant.

    Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from

such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 Fed. Appx. 356, 357 (6th Cir. Jun. 26, 2008). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

Vardon asserts that in March 2011, he filed a civil case against Dow Chemical Company seeking compensation for his war injuries (Case No. 11-12512-BC). (Comp., Doc. No. 1) Vardon alleges that, "after a time of petty arguments (sic) back and forth, my case was dismissed (by the Defendant) before it could go to trial, no

2

reason given!  I will be asking for $360,000 (from 1969 till 2015)." *Id.*

A liberal reading of Vardon's one-paragraph Complaint shows that he has failed to state a claim upon which relief may be granted.  Vardon is essentially seeking a review of the dismissal of his case issued by Defendant in the course of his judicial duties as a United States District Judge.  The Court's review of the docket shows that Vardon filed a Complaint against Dow Chemical Company.  (Case No. 11-12512, Doc. No. 1) The Magistrate Judge issued a Report and Recommendation to dismiss the case, which was adopted by the District Judge on August 8, 2011.  *Id.*, Doc. Nos. 6, 8)  Vardon appealed the dismissal to the Sixth Circuit Court of Appeals which affirmed the District Judge's order of dismissal.  *Id.*, Doc. Nos. 11, 12.

As a general rule, judges are immune from suits for money damages.  *Mireles v. Waco,* 502 U.S. 9, 10 (1991). Federal judges are immune from suits under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 395 (1971) for damages and equitable relief.  *Taylor v. Roberts*, Case No. 06-10846, 2006 WL 752764 (E.D. Mich. Mar. 20, 2006)*; Kipen v. Lawson,* Case No. 02-71626-DT, 2002 WL 140802 at *2 (E.D. Mich. June 12, 2002); *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001).  The doctrine of absolute judicial immunity also precludes the granting of declaratory relief against a federal judge.  *Kipen*, 2002 WL 140802 at *2.  Vardon has failed to state a claim upon which relief may be granted against

3

Defendant and his Complaint must be dismissed.

For the reasons set forth above,

IT IS ORDERED that Plaintiff James M. Vardon's Application to Proceed *In Forma Pauperis* Without Prepaying Fees or Costs **(Doc. No. 2)** is GRANTED.

IT IS FURTHER ORDERED that the action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that this action is frivolous under 28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  May 28, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 28, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager